UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEPHEN FACIANE                        *        CIVIL ACTION

versus                                 *        NO. 06-8574

ALLSTATE INDEMNITY COMPANY             *        SECTION "F"

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

Mr. Faciane's house in Slidell was damaged by Hurricane Katrina and the flooding that followed.  He had a standard flood insurance policy from Allstate.  The standard flood insurance in effect from Allstate was a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA.  After the storm, he filed a claim under his flood insurance policy, but Allstate did not pay for all of his losses.

He sued Allstate in state court on August 28, 2006 for arbitrary and capricious failure to fully reimburse him for his losses.  Allstate removed the suit to this Court on October 18, 2006 -- one month after it was served.  Allstate invokes this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits

1

arising under the NFIP.  Plaintiff now moves to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This case is no different.  The plaintiff alleges that Allstate has acted arbitrarily and capriciously in failing to fully

reimburse him for repairs to his home and contents.  He does not assert claims for errors or omissions in the procurement of his flood policy.  Allstate contends that this is a policy administration claim because it concerns how the plaintiff's claim for additional benefits under his flood policy has been handled (or not).  The Court agrees.  <u>See</u> <u>Newman v. Allstate</u>, 2006 WL 2632116 (E.D. La. Sept. 12, 2006) (Feldman, J.).  Given that the plaintiff does not assert that his claim arises out of the procurement of the policy and because he seeks recovery under his flood policy, federal funds are at stake.  This Court has original jurisdiction for resolving claims under the NFIP, as granted by Congress.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, January 29, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE